FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2013 FEB 14  PM 3:03

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 2:13-cr-21-FtM-99SPC |
| v. | : | 18 U.S.C. § 1344; § 1341; § 1343 |
| GREGORY WAYNE EAGLE | : | |

### INFORMATION

The United States Attorney charges that:

### COUNTS ONE THROUGH FOUR
(Bank Fraud)

#### A. Introduction

At all times material to the charges herein:

1. A Florida Land Trust existed whenever a recorded deed was taken in the name of a trustee and a second unrecorded instrument or agreement was undertaken between the trustee and the beneficiaries of the Trust.

2. The recording of the deed in the name of the trustee or in an individual's name as trustee, vested in that individual full rights of ownership over the property.

3. The unrecorded instrument or agreement undertaken between the trustee and the beneficiaries, referred to as the Trust Agreement, granted certain specified rights to the beneficiaries in return for consideration.

4. In exchange for the consideration, each beneficiary received an interest in the Trust. The interests owned by the beneficiaries were treated as personal property.

5. The establishment and existence of Florida Land Trusts were governed by Florida Statutes § 689.071.

6. Florida Community Bank was a financial institution with deposits insured

by the Federal Deposit Insurance Corporation. Florida Community Bank maintained branch offices in southwest Florida.

7. First National Bank of Pennsylvania was a national banking association and was a financial institution with deposits insured by the Federal Deposit Insurance Corporation. First National Bank did business in Lee County, Florida, and elsewhere.

8. Eagle Realty of Southwest Florida, Inc. was a Florida corporation which had its principal place of business in Cape Coral, Florida. Defendant GREGORY WAYNE EAGLE was the registered agent, director and president of Eagle Realty of Southwest Florida, Inc.

9. Defendant GREGORY WAYNE EAGLE was the trustee for the Pine Island 101 Land Trust which, when first created by a Trust Agreement dated June 12, 1990, had fifty-two named combined beneficiaries.

10. Eagle Realty of Southwest Florida, Inc., held a 3.5% interest in the Pine Island 101 Land Trust pursuant to the Trust Agreement dated June 12, 1990.

11. The Pine Island 101 Land Trust Agreement granted certain specified rights to the beneficiaries in return for consideration. In exchange for the consideration, each beneficiary received a percentage interest in the Trust. The beneficiaries agreed to obligate themselves for expenses associated with the Pine Island 101 Land Trust, to include taxes, insurance, and other maintenance fees associated with the Trust property.

12. The Agreement provided that the beneficiaries had full and exclusive control over the management and operation of the Trust property, control of the selling, renting and other handling and disposition of the Trust property, and that they had the

right to direct the trustee to convey or otherwise deal with the title to the Trust property. The Agreement also gave the beneficiaries the right to receive the proceeds and avails from the rental, sale, mortgage or other disposition of the property.

13. Under the terms of the Trust Agreement, trustee defendant GREGORY WAYNE EAGLE, was only permitted to mortgage, pledge, or otherwise encumber the Trust property when and as directed by the beneficiaries of the Trust.

### B. The Bank Fraud Scheme

14. From in or about February 2002, through in or about June 2008, in Lee County, in the Middle District of Florida, and elsewhere,

GREGORY WAYNE EAGLE,

defendant herein, did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud a financial institution, namely, Florida Community Bank and First National Bank of Pennsylvania, and to obtain monies, funds, credits, assets, and other property owned by, and under the custody and control of, a financial institution, namely, Florida Community Bank and First National Bank of Pennsylvania, by means of materially false and fraudulent pretenses, representations and promises.

### C. Manner and Means of the Scheme

15. It was a part of the scheme to defraud and to obtain moneys, funds, and property that the defendant obtained mortgage loans on the Trust property from Florida Community Bank and First National Bank of Pennsylvania.

16. It was further part of the scheme to defraud and to obtain moneys, funds, and property that to induce the financial institutions to grant mortgage loans to the

defendant individually and as trustee, the defendant would and did make false representations to the financial institutions as to the identities and number of beneficiaries of the Pine Island 101 Land Trust.

17. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that the defendant would and did conceal from financial institutions the interests of other individuals as beneficiaries in the Pine Island 101 Land Trust.

18. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that the defendant would and did create a false and fictitious Trust Agreement for the Pine Island 101 Land Trust naming Gregory W. Eagle as the sole beneficiary of the Trust, and tender it to Florida Community Bank as being in full force and effect

19. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that the defendant would and did create a false and fictitious Trust Agreement for the Pine Island 101 Land Trust naming Gregory W. Eagle, P.A., as the sole beneficiary of the Trust, and tender it to First National Bank of Pennsylvania as being in full force and effect.

20. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that the defendant would and did conceal the genuine Pine Island 101 Trust Agreement naming the 52 combined beneficiaries from Florida Community Bank and First National Bank of Pennsylvania in order to obtain mortgage loans.

21. It was further part of the scheme and artifice to defraud and to obtain

moneys, funds, and property that on or about February 14, 2002, as trustee of the Pine Island 101 Trust, the defendant would and did execute an Affidavit in conjunction with a mortgage loan from Florida Community Bank in which he falsely claimed that he had full power and authority to mortgage the Trust property, and that all the beneficiaries consented to the granting of the mortgage and authorized the defendant to execute the mortgage and all other documents requested by Florida Community Bank to complete the loan transaction. The defendant attached to the affidavit an excerpt of an altered Trust Agreement which named Gregory W. Eagle as the sole beneficiary of the Trust.

22. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that on or about February 14, 2002, the defendant individually and as Trustee of the Pine Island 101 Land Trust, under false pretenses would and did receive a mortgage loan from Florida Community Bank in the amount of $2,000,000.00.

23. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that on or about June 29, 2005, the defendant individually and as Trustee of the Pine Island 101 Land Trust under false pretenses would and did receive an extension of the mortgage loan from Florida Community Bank.

24. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that on or about June 30, 2006, in order to induce First National Bank of Pennsylvania to make a loan in the amount of $17,030,000.00, as trustee of the Pine Island 101 Trust, the defendant would and did execute a Borrower's Closing Affidavit in which he falsely claimed that as owner of the Trust property he was in sole and undisputed possession of the property, and that there were no claims or

other matters affecting the Trust property.

25. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that on or about June 30, 2006, in order to induce First National Bank of Pennsylvania to make a loan in the amount of $17,030,000.00, as trustee of the Pine Island 101 Trust, the defendant would and did execute a Trustee's Affidavit in which he falsely claimed that he had obtained the consent and approval from all beneficiaries under the Trust and had been authorized to execute any and all documents, including, but not limited to a mortgage in favor of First National Bank of Pennsylvania in the amount of $17,030,000.00.

26. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that in order to induce First National Bank of Pennsylvania to make a loan in the amount of $17,030,000.00, as trustee of the Pine Island 101 Trust the defendant would and did execute a No Lien, Possession and Gap Affidavit in which he falsely claimed that as owner of the Trust property, no other person was in possession of the property or had a claim to possession of the property, and that he had obtained from all beneficiaries under the Trust the consent and approval to execute a mortgage in favor of First National Bank of Pennsylvania in the amount of $17,030,000.00.

27. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that in order to induce First National Bank of Pennsylvania to make a loan in the amount of $17,030,000.00, as trustee of the Pine Island 101 Trust, the defendant would and did submit to the bank a false and fictitious Trust Agreement for the Pine Island 101 Land Trust which falsely and fraudulently named

Gregory W. Eagle, P.A., as the sole beneficiary of the Trust.

28. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that the defendant individually and as trustee of the Pine Island 101 Land Trust under false pretenses would and did receive a mortgage loan from First National Bank of Pennsylvania on or about June 30, 2006, in the amount of $17,030,000.00.

29. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that in order to induce First National Bank of Pennsylvania to renew the $17,030,000.00 loan, on or about July 29, 2008, the defendant would and did falsely attest in a Trustee's Affidavit that the Pine Island 101 Land Trust Agreement attached to the Affidavit as Exhibit A was a "true, correct, and complete copy of the Land Trust Agreement," and that the Land Trust Agreement had "not been amended, terminated or revoked."

30. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that in order to induce First National Bank of Pennsylvania to renew the $17,030,000.00 loan, on or about July 29, 2008, the defendant would and did submit to the bank a false and fictitious Trust Agreement for the Pine Island 101 Land Trust which falsely and fraudulently named Gregory W. Eagle, P.A., as the sole beneficiary of the Trust.

31. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that in order to induce First National Bank of Pennsylvania to renew the $17,030,000.00 loan, the defendant would and did submit as Exhibit C to the aforementioned Trustee's Affidavit, a Resolution of Beneficiary of the Pine Island

101 Land Trust and Direction to Trustee, wherein the defendant did falsely represent that he was the sole beneficiary of the Pine Island 101 Land Trust, that he held a 100% in the Land Trust, and that he had the necessary voting interest to direct the trustee to execute the Renewal Note, Mortgage Modification, and all other security instruments and loan documents as required by First National Bank of Pennsylvania to renew the loan.

32. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that in order to induce First National Bank of Pennsylvania to renew the $17,030,000.00 loan, on or about July 29, 2008, the defendant individually and as trustee of the Pine Island 101 Land Trust would and did swear and subscribe to a Mortgagers'/Borrowers' Affidavit in which he falsely stated that the mortgagers had been in exclusive and undisputed possession of the Trust property since the time of vesting of title to the property in them; that there were no parties who had any interest or right to claim an interest in the Trust property; that there was no other person or entity in possession or who had any possessory right in the Trust property; and that there were no facts known to the defendant which could give rise to a claim being asserted against the Trust property.

33. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that on or about June 30, 2008, the defendant would and did obtain a renewal of the original promissory note for the loan of $17,030,000.00 from First National Bank of Pennsylvania.

34. It was further part of the scheme and artifice to defraud and to obtain moneys, funds, and property that the defendant would and did profit as a result of the

materially false and fraudulent pretenses, representations, and promises as trustee of the Pine Island 101 Land Trust.

### D. Execution of the Scheme

35. On or about the dates listed below, in Lee County, in the Middle District of Florida, and elsewhere,

GREGORY WAYNE EAGLE,

defendant herein, did knowingly and willfully execute and attempt to execute the aforesaid scheme and artifice to defraud a financial institution and to obtain moneys, funds and property under the custody and control of a financial institution, by committing the acts described below:

| COUNT | DATE | ACT IN EXECUTION OF SCHEME |
|---|---|---|
| One | February 14, 2002 | EAGLE signs Affidavit later recorded claiming authority to mortgage Trust property with consent of beneficiaries in conjunction with mortgage loan from Florida Community Bank, and attaches false and fraudulent excerpt from Trust Agreement |
| Two | July 18, 2005 | EAGLE executes Modification of Note, Mortgage and Other Loan Documents to extend terms of mortgage loan from Florida Community Bank and represents that all loan documents from original loan are valid, ratified and affirmed except as modified by extension of note |
| Three | June 30, 2006 | EAGLE signs Trustee's Affidavit claiming that Trust is in full force, has not been amended or modified, and that he has approval from all beneficiaries under Trust to execute mortgage in amount of $17,300,000.00 in favor of First National Bank of Pennsylvania |

| Four | July 29, 2008 | EAGLE signs Trustee's Affidavit claiming that Attachment A is true, correct, and complete copy of Pine Island 101 Land Trust Agreement and that it has not been amended |

All in violation of Title 18, United States Code, Section 1344.

## COUNT FIVE
### (Mail Fraud)

### A. Introduction

1. The United States Attorney realleges and incorporates by reference as if fully set forth herein paragraphs 1 through 13 of Counts One through Five of this Information.

### B. The Mail Fraud Scheme

2. Beginning in or about February 2002, and continuing until in or about December 2009, in Lee County, in the Middle District of Florida, and elsewhere,

GREGORY WAYNE EAGLE,

defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud certain persons and entities, namely beneficiaries of the Pine Island 101 Land Trust, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, said scheme and artifice affecting a financial institution.

### C. Manner and Means of the Scheme

3. The United States Attorney realleges and incorporates by reference as if fully set forth herein the Manner and Means to Counts One through Five of this Information.

4. It was further part of the scheme to defraud and to obtain money that the defendant would and did obtain a mortgage loan in the amount of $17,300,000.00 from First National Bank of Pennsylvania, secured in part by the Trust property, without the knowledge, consent or authorization of the beneficiaries of the Trust.

5. It was further part of the scheme to defraud and to obtain money that the defendant would and did fail to distribute proceeds from the First National Bank of Pennsylvania mortgage loan to beneficiaries of the Trust as required by the Trust Agreement.

6. It was further part of the scheme to defraud and to obtain money that the defendant would and did convert to his own use or the use of another proceeds from the First National Bank of Pennsylvania mortgage loan.

### D. The Mailing

7. On or about December 15, 2009, in Lee County, in the Middle District of Florida, and elsewhere,

GREGORY WAYNE EAGLE,

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowingly placed and caused to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service according to the directions thereon a letter providing status to investors from Eagle Realty of Southwest Florida, Inc., to Pine Island Road 101 Acre Investors.

All in violation of Title 18, United States Code, Section 1341.

## COUNT SIX
## (Wire Fraud)

### A. Introduction

1. The United States Attorney realleges and incorporates by reference as if fully set forth herein paragraphs 1 through 13 of Counts One through Five of this Information.

### B. The Wire Fraud Scheme

2. Beginning in or about February 2002, and continuing until in or about December 2009, in Lee County, in the Middle District of Florida, and elsewhere,

**GREGORY WAYNE EAGLE,**

defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud certain persons and entities, namely beneficiaries of the Pine Island 101 Land Trust, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, said scheme and artifice affecting a financial institution.

### C. Manner and Means of the Scheme

3. The United States Attorney realleges and incorporates by reference as if fully set forth herein the Manner and Means to Counts One through Five of this Information.

4. It was further part of the scheme to defraud and to obtain money that the defendant would and did obtain a mortgage loan in the amount of $17,300,000.00 from First National Bank of Pennsylvania, secured in part by the Trust property, without the knowledge, consent or authorization of the beneficiaries of the Trust.

12

5. It was further part of the scheme to defraud and to obtain money that the defendant would and did fail to distribute proceeds from the First National Bank of Pennsylvania mortgage loan to beneficiaries of the Trust as required by the Trust Agreement.

6. It was further part of the scheme to defraud and to obtain money that the defendant would and did convert to his own use or the use of another proceeds from the First National Bank of Pennsylvania mortgage loan.

### D. The Wire

7. On or about July 29, 2008, in Lee County, in the Middle District of Florida, and elsewhere,

GREGORY WAYNE EAGLE,

defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce from Florida to Pennsylvania, certain writings, signs, signals, and sounds, namely, a wire transfer of $100,000.00 from an account of Bolanos Truxton, P.A., number 2090001809179, at Wachovia Bank, to escrow account number 500005616 at First National Bank of Pennsylvania.

In violation of Title 18, United States Code, Section 1343.

### FORFEITURES

1. The allegations contained in Counts One through Six of this Information

are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts One through Four of this Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest he may have in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

3. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1341 or 1343, set forth in Counts Five and Six of this Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest he may have in any property constituting or derived from proceeds the person obtained directly or indirectly, as a result of such violations.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b).

ROBERT E. O'NEILL
United States Attorney

BY: _____
  JEFFREY F. MICHELLAND
  Assistant United States Attorney
  Trial Counsel

BY: _____
  DAVID G. LAZARUS
  Assistant United States Attorney

BY: _____
  NICOLE H. WAID
  Assistant United States Attorney
  Chief, Fort Myers Division