```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:13-cr-21-FtM-29UAM

GREGORY WAYNE EAGLE

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 28 U.S.C. § 2255 (Doc. #72) filed on October 22, 2015. The government filed a Response (Doc. #74) on October 28, 2015. With the permission of the Court, defendant filed a Response to Government's Response (Doc. #77) on October 29, 2015. For the reasons set forth below, the motion is dismissed for lack of subject matter jurisdiction.

Pursuant to a Plea Agreement, defendant Gregory Wayne Eagle plead guilty to a six-count Information charging Bank Fraud in violation of 18 U.S.C. § 1344. (Docs. ##2, 3, 16.) On January 7, 2014, defendant was sentenced to 72 months imprisonment followed by 60 months of supervised release. (Doc. #50.) Restitution was ultimately determined to be $23,430,000.00. (Doc. #70.) Defendant did not file a direct appeal, and at the time of the motion was serving his sentence in a Bureau of Prisons facility in

Pensacola, Florida (although he apparently is scheduled for a medical transfer to a facility in Butner, North Carolina).

Defendant's current motion seeks various relief because of his current medical conditions, which he asserts are not being properly treated by the Bureau of Prisons. Specifically, defendant requests that the Court: (1) reduce his sentence to time served; (2) enjoin the Bureau of Prisons from removing him from his then-current location in a hospital in Pensacola, Florida; and/or (3) order his conditional release and transfer to the Middle District of Florida for an evidentiary hearing. Defendant asserts that the Court has the authority to do all of these things pursuant to 28 U.S.C. § 2255. The government asserts that the Court lacks jurisdiction, and the Court agrees.

Jurisdiction in this context means "the courts' statutory or constitutional power to adjudicate the case." United States v. Cotton, 535 U.S. 625, 630 (2002) (citation omitted). Whether a district court has the power to resentence a defendant under 28 U.S.C. § 2255 is a legal question for the court. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). The Court has no inherent power to modify or correct a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315. The starting point is 18 U.S.C. § 3582(c), which provides in relevant part:

(c) The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c). Section 3582(c)(1)(A) is not applicable because the Director of the Bureau of Prisons has not filed such a motion. Section 3582(c)(2) is not applicable because there has been no change by the Sentencing Commission in defendant's Sentencing Guidelines range. The final alternative is § 3582(c)(1)(B), which allows a court to modify an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Neither Rule 35(a) nor Rule 35(b) apply to this case, which leaves only the possibility of another "statute" which allows a district court to modify or reduce a sentence.

Defendant points to 28 U.S.C. § 2255 as the statute which authorizes the Court to grant the relief he requests. Ignoring the untimeliness of the petition under 28 U.S.C. § 2255(f) (a non-jurisdictional issue), Section 2255 "does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). Rather, Section 2255 gives the court subject matter jurisdiction only where a prisoner asserts he is in custody under a sentence that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). None of these situations are present in this case.

Here, the original sentence is not alleged to be illegal or to have been imposed in violation of the Constitution or laws of the United States. Defendant took no direct appeal of the sentence, which could have been done. United States v. Bushert, 997 F.2d 1343, 1347 (11th Cir. 1993) (defendant who pleads guilty and is sentenced under the Sentencing Guidelines has a right to direct appeal of his sentence). Additionally, it is clear that the court was not without jurisdiction to impose the sentence. A district court of the United States has original and exclusive jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Defendant was charged with such federal offenses, namely Bank Fraud in violation of 18 U.S.C. § 1344. Defendant's six year concurrent sentences were well within the statutory 30 year maximum. Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991) ("sentences imposed within the statutory limits are insulated from section 2255 review").

Defendant essentially argues that the sentence "is otherwise subject to collateral attack" within the meaning of §2255(a). "When a prisoner . . . alleges that his 'sentence was imposed in violation of the . . . laws of the United States . . . or is otherwise subject to collateral attack,' 28 U.S.C. § 2255(a), a

district court lacks the authority to review the alleged error 'unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice.'" Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (quoting Addonizio, 442 U.S. at 185).

It is seldom the case that a sentence lawful when it is imposed will be subject to challenge under Section 2255 due to later developments. Addonizio, 442 U.S. at 185-90. Neither defendant's conditions of confinement, nor his medical conditions, nor his claim of inadequate medical care give the Court the authority to reduce the sentence or enjoin the Bureau of Prisons. While an inmate's conditions of confinement may give rise to a civil lawsuit for damages, relief on those grounds is not available under Section 2255. A petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 504 (1973); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to Section 1983 in the first instance. Nelson v. Campbell, 541 U.S. 637, 643 (2004). In Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979), the court held that even if a prisoner proves an allegation of mistreatment in prison that amounts to

cruel and unusual punishment, he is not entitled to release. <u>See also</u> <u>Gomez v. United States</u>, 899 F.2d 1124, 1126 (11th Cir. 1990). As defendant notes, the decision to seek an inmate's release because of his medical condition has been vested in the warden.

Accordingly, it is hereby

**ORDERED:**

Defendant's Emergency Motion to Reduce Sentence and Provide Other Equitable Relief Pursuant to 28 U.S.C. 2255 (Doc. #72) is **DISMISSED** for lack of jurisdiction.

**DONE and ORDERED** at Fort Myers, Florida, this   5th   day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record